UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BANK OF COMMERCE<br><br>Appellant,<br><br>v.<br><br>BRADLEY EDWARD KOEBERER, et al.<br><br>Appellees. | Case No.  22-cv-02097-JSC<br><br>**ORDER RE: APPEAL FROM BANKRUPTCY COURT** |

California Bank of Commerce appeals from a bankruptcy court order awarding attorneys' fees and costs to debtors Bradley Edward Koeberer and Nancy Louise Koeberer.  (Dkt. Nos. 1, 3.)[1]  After carefully considering the briefing, (Dkt. Nos. 8, 12, 13, 16), and with the benefit of oral argument on December 20, 2022, the Court AFFIRMS in part and VACATES and REMANDS in part.  The bankruptcy court correctly concluded the Koeberers were entitled to some fees and costs incurred on appeal to the Bankruptcy Appellate Panel ("BAP"), however, it did not sufficiently explain the basis for the amount awarded.

**BACKGROUND**

In the course of their Chapter 7 bankruptcy case, the Koeberers filed a motion for contempt asserting the Bank had willfully violated the automatic stay imposed by the case.  (Dkt. No. 9 at 9–15); *see* 11 U.S.C. § 362(k).  The bankruptcy court denied the motion, finding the Bank had committed a technical violation of the automatic stay, but the Koeberers had suffered no damages. (Dkt. No. 9 at 173 (order denying motion for reasons stated on the record); *id.* at 271 ("[T]he Court finds . . . that there is a technical violation of the stay, but the Court on these facts will not

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

award any attorney's fees, and there are no damages to the Debtor, and the Court is not awarding any attorney's fees or costs."); *see id.* at 235–80 (transcripts of bankruptcy court's four hearings on the motion).)

The Koeberers appealed to the BAP, which affirmed in part and vacated and remanded in part. (Dkt. No. 10 at 5–27.) The BAP explained:

> The [bankruptcy] court correctly held that the Bank violated the automatic stay and that the Koeberers did not prove their entitlement to actual or punitive damages. But the court erred when it determined that the Koeberers lacked standing and denied attorneys' fees and costs because the violations were "technical," without making any finding as to the reasonableness of any of the claimed fees and costs. Accordingly, we AFFIRM most of the court's judgment, but we VACATE the denial of attorneys' fees and costs and REMAND for a determination of reasonableness.

(*Id.* at 6.) In particular, in vacating the denial of fees and costs, the BAP explained:

> Section 362(k)(1) states that an individual injured by a stay violation "shall" recover "costs and attorneys' fees[.]" Despite its mandatory language, this subsection is not a blank check. The Ninth Circuit has instructed that only an award of fees reasonably incurred is mandated by § 362(k)(1). . . .
>
> The bankruptcy court . . . denied all fees because it viewed the Bank's violation as "technical." But the reasonableness of a legal fee does not necessarily depend entirely on the severity of the conduct that precipitated the legal work.
>
> On this record, we cannot determine whether any particular amount of attorneys' fees would be reasonable. . . . [T]he bankruptcy court might find that at least a portion of the Koeberers' attorneys' fees were reasonably incurred to prevent or mitigate the Bank's stay violations. . . . Alternatively, the bankruptcy court might find that the reasonable amount of the Koeberers' fees is zero because the Koeberers offered no evidence of actual damages and were not the primary targets of the fraudulent transfer claims. Because the reasonable amount of attorneys' fees is a factual question, the bankruptcy court should address it in the first instance.

(*Id.* at 24–26 (cleaned up).) On remand, the bankruptcy court awarded $2,460.00 in attorneys' fees and $0.00 in costs. (Dkt. No. 9 at 1401–02; *see* Dkt. No. 3 at 9.) This fee amount purportedly reflects six hours of work the Koeberers' counsel spent analyzing the stay issues and communicating with the Bank's counsel regarding the stay. (Dkt. No. 9 at 1401; Dkt. No. 10 at 25.)

The Koeberers then filed a motion for attorneys' fees and costs as the prevailing parties in

2

their appeal. (Dkt. No. 9 at 360–61.) At the hearing on the motion, the bankruptcy court asked the parties to file their appellate briefs so the court could assess the work on appeal. (*Id.* at 1402–07.) The court also noted that the Koeberers had prevailed on part of their appeal but had not prevailed on "maybe as much as two-thirds," and asked the parties how to apportion fees. (*Id.* at 1403.) The Koeberers' counsel argued for 75 percent of the requested lodestar. (*Id.* at 1406–07.) On March 14, 2022, the bankruptcy court awarded 70 percent of the requested fees ($19,946.50) and 100 percent of the requested costs ($548.92) incurred in the appeal.[2] (Dkt. No. 3 at 8–10.) Its brief order noted the Koeberers cited *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095 (9th Cir. 2015) (en banc) and stated the bankruptcy court was "exercis[ing] its discretion to award reasonable fees and costs." (Dkt. No. 3 at 8, 10.) The Bank now appeals the March 14, 2022 order. *See* 28 U.S.C. § 158(c)(1)(A).

## DISCUSSION

28 U.S.C. § 158(a) gives district courts jurisdiction over interlocutory and final appeals from bankruptcy court orders and judgments. "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (cleaned up). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007). In the context of attorneys' fees:

> We review the factual determinations underlying an award of attorneys' fees for clear error and the legal premises . . . use[d] to determine an award de novo. If we conclude that the [court below] applied the proper legal principles and did not clearly err in any factual determination, then we review the award of attorneys' fees for an abuse of discretion. As part of the abuse of discretion review, we consider whether the [court below] met its obligation to articulate the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001) (cleaned up); *see In re*

---

[2] The order was signed on March 11 and entered on the docket on March 14. (Dkt. No. 3 at 8.)

1  *Vasseli*, 5 F.3d 351, 352 (9th Cir. 1993) ("The bankruptcy court's award of reasonable attorney's
2  fees must be upheld unless it abused its discretion or erroneously applied the law.").

### A.   Legal Principles

11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." Debtors who are injured by a creditor's willful stay violation shall recover actual damages, including costs and attorneys' fees reasonably incurred in prosecuting the stay violation. *See Schwartz-Tallard*, 803 F.3d at 1101. Debtors are also entitled to fees and costs reasonably incurred in successfully defending a Section 362(k)(1) damages award on appeal. *See id.* ("When a party is entitled to an award of attorney's fees in the court of first instance . . . , she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal. We see no reason why fee awards under § 362(k) should be subject to a different rule." (cleaned up)). So too for fees and costs reasonably incurred in successfully appealing the denial of a Section 362(k)(1) damages award. *See Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1292–93 (9th Cir. 2018) ("Section 362(k) thus seeks to make debtors whole, as if the violation never happened, . . . [which] includes awarding attorney's fees and costs on appeal to a successful debtor, even when a debtor must bring the appeal.").

Here, the Koeberers successfully appealed the denial of a Section 362(k)(1) damages award. The initial bankruptcy court order held the Koeberers were not entitled to fees and costs for their work on the stay violation motion because the violation was technical and because they lacked standing. The BAP order reversed the bankruptcy court on both issues, holding the Koeberers may have been entitled to fees and costs. And, following remand, the bankruptcy court awarded fees in the amount of $2,460.00, in an order the Bank does not challenge here. (Dkt. No. 9 at 1401.) Thus, the Koeberers' appeal succeeded in reopening the possibility the Bank could owe the Koeberers fees and costs. Therefore, the bankruptcy court was correct in its legal conclusion that the Koeberers were entitled to fees and costs reasonably incurred on appeal pursuant to Section 362(k)(1). *See Easley*, 910 F.3d at 1291–93.

The Bank's insistence the Koeberers cannot be entitled to fees without actual damages

misconstrues Section 362(k)(1).  The statute contemplates fees and costs as a form of actual damages.  *See* 11 U.S.C. § 362(k)(1) ("actual damages, *including* costs and attorneys' fees" (emphasis added)); *In re Horne*, 876 F.3d 1076, 1081 (11th Cir. 2017) ("Congress made sure to add that Section 362(k)(1)'s definition of 'actual damages' includes costs and attorneys' fees. . . . This explicit, specific, and broad language permits the recovery of attorneys' fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.").  The Bank asserted at oral argument that *Easley* and *Schwartz-Tallard* hold debtors can only recover fees and costs if they also suffer other damages.  That is incorrect; while the cases use "damages" as a term of art distinct from fees and costs, they do not require damages other than fees and costs.  *See Easley*, 910 F.3d at 1291–93; *Schwartz-Tallard*, 803 F.3d at 1099–1101.  In the absence of explicit Ninth Circuit authority on that question, *Horne* is highly persuasive because it accords with the plain language of Section 362(k)(1).  *See Horne*, 876 F.3d at 1081.

On remand from the Koeberers' appeal, the bankruptcy court awarded them $2,460.00 in reasonable attorneys' fees incurred as a result of the stay violation.  Therefore, the Koeberers were injured by the stay violation within the meaning of Section 362(k)(1) and are entitled to fees and costs reasonably incurred in their successful appeal.  (*See* Dkt. No. 10 at 22 (BAP order: "While the moving party must show 'injury,' and the court may consider the severity of the violation when deciding the amount of sanctions, there is no category of violations so minor that it automatically negates the mandatory language of § 362(k).").)

The Bank is also incorrect that only the BAP had authority to tax costs related to the appeal.  The Bank relies on *Vasseli*, 5 F.3d at 352–53, which interpreted the bankruptcy court's authority to award fees and costs under 11 U.S.C. § 523(d) and Federal Rule of Appellate Procedure 38.  The Koeberers sought fees and costs under Section 362(k)(1), which grants the bankruptcy court such authority.  *See Easley*, 910 F.3d at 1291–93.

Finally, the Bank's argument that the Koeberers are not entitled to fees and costs because they did not *defend* an appeal is precluded by *Easley*.  *See id.* at 1292–93.

### B. Application

The bankruptcy court thus applied the correct legal principles here.  *See Ferland*, 244 F.3d

5

at 1147–48. However, the court abused its discretion in failing to explain why the awarded fees and costs were reasonable. *See id.* The court's written order noted the Koeberers sought $28,495.00 in fees and $548.92 in costs and that counsel thereafter "suggested to the court that 75% of the fees he sought would be an appropriate award." (Dkt. No. 3 at 9.) It then concluded:

> Good cause appearing, after reviewing the appellate briefs of both parties, the debtors' attorney's time records, the creditor's opposition, the entire record in this case, and relevant authority, the court now exercises its discretion to award reasonable fees and costs as follows: (1) 70% of the attorney's fees for the appellate phase which is $19,946.50, and (2) 100% of the costs which is $548.92 for a grand total of $20,495.42.

(*Id.* at 10.) It offered no explanation for why the 69.5 hours of work were reasonably spent, in whole or in part, or why it adjusted the lodestar down to 70 percent. The order's reference to the hearing on the motion was not sufficient. At the hearing, the court asked the parties how to apportion fees given the Koeberers were partially successful on appeal; it had not yet determined a reasonable fee award and therefore did not explain the rationale for its award on the record. (*See* Dkt. No. 9 at 1402–07.) Therefore, the bankruptcy court did not "m[e]et its obligation to articulate the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar." *Ferland*, 244 F.3d at 1148 (cleaned up); *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting court awarding fees must "provide a concise but clear explanation of its reasons for the fee award").

\* \* \*

In sum, although the bankruptcy court applied the correct legal principles, it abused its discretion in failing to adequately explain its award of attorneys' fees and costs.

## CONCLUSION

The March 14, 2022 order of the bankruptcy court is AFFIRMED in part; the award of attorneys' fees and costs is VACATED and REMANDED for the bankruptcy court to explain the basis for a reasonable award. In an attempt to avoid further party and judicial resources being incurred on this $19,000 dispute, the parties are referred to the Court's ADR Program for a mediation to occur as soon as is convenient to the appointed mediator.

//

**IT IS SO ORDERED.**

Dated: December 20, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge